**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **TAMARIAN CARPETS, LLC** | * | **CIVIL ACTION NO. 1:14-cv-11909** |
| **PLAINTIFF,** | * | |
| | * | |
| **v.** | * | |
| | * | |
| | * | |
| **LANDRY & ARCARI ORIENTAL** | * | |
| **RUGS AND CARPETING, INC.** | * | |
| **DEFENDANT.** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

The Complaint of, Tamarian Carpets, LLC, ("Tamarian") respectfully represents as follows:

### The Parties

1.      Plaintiff, Tamarian, is a limited liability company organized and existing under the laws of the State of Maryland which has its principal place of business located at 1407 Shoemaker Rd., Baltimore, Maryland 21209.

2.      Upon information and belief, Landry & Arcari Oriental Rugs and Carpeting, Inc., ("L&A") is a corporation organized and existing under the laws of the State of Massachusetts which has its principal place of business located at 333 Stuart St., Boston, Massachusetts 02116.

### Jurisdiction and Venue

4.      This Court has original jurisdiction based on 28 U.S.C. § 1331 for the reason that this matter involves a federal question, specifically, a violation of 17 U.S.C. § 501 *et seq.* Jurisdiction over Tamarian's common law claims is proper under 28 U.S.C. §1367(a) and the principle of supplemental jurisdiction.

5.      This Court also has original jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §1332, for the reason that diversity of citizenship exists between Plaintiff, a citizen of Maryland, and Defendant, a citizen of Massachusetts, and the amount in controversy exceeds the sum of Seventy-Five Thousand and 00/100 Dollars ($75,000.00), exclusive of interest and costs.

6.      Pursuant to 28 U.S.C. §1332(c)(1), a corporation is deemed to be a citizen of the state in which it is incorporated and the State where it has its principal place of business. Tamarian, a corporation, is incorporated and has its principal place of business in Maryland.

7.      Pursuant to 28 U.S.C. §1332(c)(1), a corporation is deemed to be a citizen of the state in which it is incorporated and the State where it has its principal place of business. L&A, a corporation, is incorporated and has its principal place of business in Massachusetts.

8.      L&A maintains its principal place of business in Boston, Massachusetts, Suffolk county, within the Eastern Division of the United States District Court for the District of Massachusetts.

9.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) and §1400(a).

<u>The Underlying Facts</u>

10.     Plaintiff is in the business of design, manufacture, and sale of high quality specially manufactured hand-knotted imported Tibetan rugs.  Plaintiff maintains its principal offices in Baltimore, Maryland.

11.     Plaintiff sells rugs only to approved distributors who in turn sell to home decorators, designers, and retail customers.

12.     Plaintiff attends major trade shows and industry events in the United States.

13.     Plaintiff does not advertise or sell rugs on the Internet nor permits its distributors to advertise its rugs on the Internet or sell its rugs on the Internet using design names or the Tamarian name or trademark.

14.     Defendant competes with Plaintiff in the sale of Tibetan rugs, and, on information and belief, advertises in the media and Internet, and has had access to, Plaintiff's designs.

15.     The Plaintiff is the owner of numerous copyrights for textile designs registered pursuant to the Certificates of Registration, by the United States Copyright Office including the following three designs:

| Design | Title | Reg# |
|--------|-------|------|
| Modwood | Modwood | VA 1-792-047 |
| Silk Road | Silk Road | VA 1-790-942 |
| Wrought Iron | Wrought Iron | VA 1-798-240 |

16.     Plaintiff has used its brand name and mark in the United States and internationally since 1994 and enjoys significant goodwill and name recognition.

17.     On information and belief, Defendant has advertised, sold or offered for sale rugs which contain Plaintiff's copyrighted designs described above and which are substantially similar to rugs sold by Plaintiff.

18.     Defendant marketed their infringing rugs as part of their rug collections.

19.     Defendant published copies of Plaintiff's copyrighted designs on its website without Plaintiff's permission or consent.

20.     Defendant has deliberately and willfully copied the Plaintiff's textile designs and the textile designs used by Defendant are direct copies of Plaintiff's designs.

21.     Defendant is presently selling rugs in the same market as Plaintiff.

22.     On or about September 17, 2012, Plaintiff, through certified U.S. mail, notified Defendant, in writing that Plaintiff was the rightful owner of copyrighted designs mentioned above and demanded that Defendant cease and desist the sale and/or display of these rugs and further acts of infringement, and demanded payment of damages for Defendant's activities as well as return of any existing inventory or rugs depicting these designs.  Plaintiff has failed to comply with these demands.

## COUNT I
### (Copyright Violation, 17 U.S.C. § 501, *et seq.*)

23.     Tamarian realleges and incorporates by reference the allegations contained in paragraphs 1 through 22.

24.     This cause of action arises under the Copyright Laws of the United States, and in particular 17 U.S.C. § 501 *et seq.*

25.     Plaintiff's textile designs are wholly original creations and are copyrightable subject matter under the laws of the United States.  Plaintiff is and has always been the proprietor of all right, title and interest in and to the copyright.  Plaintiff has registered its copyright for some of its textile designs in the United States Copyright Office.

26.     Defendant has used and sold rugs bearing Plaintiff's design and copyright in violation of law.

27.     On information and belief, Defendant's use and sale of rugs bearing Plaintiff's design and copyright constitutes knowing, willful and deliberate copyright infringement in violation of the exclusive rights of Plaintiff.

28.     Plaintiff is entitled to recover the actual damages suffered by it as a result of Defendant's copyright infringement, together with any profits of the Defendant attributable to

such infringement, and any other damages to which Plaintiff is entitled, in an amount of $150,000.00 for each copyright registration infringement.

WHEREFORE, Plaintiff, Tamarian Carpets, LLC, requests that this Honorable Court:

A.      Order, adjudge and decree that Defendant, Landry & Arcari Oriental Rugs and Carpeting, Inc., have intentionally and willfully committed federal copyright infringement, under 17 U.S.C. § 501, *et seq.*;

B.      Pursuant to 17 U.S.C. § 504 actual profits and damages sustained by Tamarian Carpets, LLC;

C.      Award Tamarian Carpets, LLC, pursuant to 17 U.S.C. § 504, statutory damages;

D.      Award Tamarian Carpets, LLC, pursuant to 17 U.S.C. § 505, costs and attorneys' fees;

E.      Pursuant to 17 U.S.C. § 502 grant a preliminary and permanent injunction prohibiting Defendant, Landry & Arcari Oriental Rugs and Carpeting, Inc., and Defendant's officers, agents, servants, employees, attorneys, successors, assigns and all other in privity, or acting in concert therewith, from infringing on or using in any manner Tamarian Carpet, LLC's copyrighted designs, requiring Defendant pursuant to 17 U.S.C. § 503 to recall all rugs in its control or which it has sold or consigned which infringe on Plaintiff's copyrights, and requiring Defendant to destroy pursuant to 17 US.C. § 503 all rugs in its possession, custody, or control which infringe on Plaintiff's copyrights; and

F.      Award such other and further relief as the Court may deem just.

## COUNT II
### (Conversion)

29.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 28 above, as if fully set forth herein.

30.     Defendant has converted the property of Plaintiff.

31.     By reason of the foregoing, Plaintiff is entitled to an award of damages in an amount in excess of $100,000.00.

WHEREFORE, Plaintiff, Tamarian Carpets, LLC, requests that this Honorable Court:

A.      Order, adjudge and decree that Defendant, Landry & Arcari Oriental Rugs and Carpeting, Inc., have intentionally and willfully converted the property of Plaintiff; and

B.      Enter judgment in favor of Plaintiff, Tamarian Carpets, LLC, and against Defendant, Landry & Arcari Oriental Rugs and Carpeting, Inc., for compensatory damages sustained by Tamarian Carpets, LLC; and

C.      Enter judgment in favor of Plaintiff, Tamarian Carpets, LLC and against Defendant, Landry & Arcari Oriental Rugs and Carpeting, Inc., for punitive damages; and

D.      Award Tamarian Carpets, LLC, its attorney's fees and costs of suit.

E.      Award such other and further relief as the Court may deem just.

## COUNT III
### (Unjust Enrichment)

32.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 31 above, as if fully set forth herein.

33.     Defendant has been unjustly enriched.

34.     By reason of the foregoing, Plaintiff is entitled to an award of damages in an amount in excess of $100,000.00.

WHEREFORE, Plaintiff, Tamarian Carpets, LLC, requests that this Honorable Court:

A.      Order, adjudge and decree that Defendant, Landry & Arcari Oriental Rugs and Carpeting, Inc., have intentionally and willfully converted the property of Plaintiff; and

B.      Enter judgment in favor of Plaintiff, Tamarian Carpets, LLC, and against

Defendant, Landry & Arcari Oriental Rugs and Carpeting, Inc., for compensatory damages

sustained by Tamarian Carpets; and

C.      Award Tamarian Carpets, LLC, its attorney's fees and costs of suit.

D.      Award such other and further relief as the Court may deem just and proper.

Dated: April 22, 2014                    Respectfully submitted,

TAMARIAN CARPETS, LLC
By Its Attorneys,

/s/ William Mostyn
William J. Mostyn IV BBO# 678869
wjm@c-m.com
Duane H. Dreger BBO# 655260
dhd@c-m.com
CESARI and MCKENNA, LLP
88 Black Falcon Avenue
Boston, MA 02210
(617) 951-2500

*And*

Christopher M. Hatcher
Blue Williams, L.L.P.
3421 North Causeway Blvd., Suite 900
Metairie, LA 70002
(504) 830-4930
chatcher@bluewilliams.com